In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00206-CR**

_____

**KRISTOPHER REDDELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 25896**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Kristopher Reddell pleaded guilty to assault. *See* Tex. Penal Code Ann. § 22.01. The trial court found the evidence sufficient to find Reddell guilty of the offense of assault, imposed a fine of $500, sentenced Reddell to five years in the Institutional Division of the Texas Department of Criminal Justice, but then suspended the sentence and placed Reddell on community supervision for five years.

1

The State filed a Motion to Revoke Community Supervision. Reddell pleaded "true" to violating the terms of the community supervision order. After conducting an evidentiary hearing on the allegations that Reddell continued to use and test positive for narcotics after he was placed on community supervision, the trial court found all the allegations to be "true," found the evidence was sufficient to establish that Reddell violated the terms of his community supervision, revoked Reddell's community supervision, and assessed punishment at five years of confinement.

Reddell's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 9, 2024, we granted an extension of time for Reddell to file a pro se brief. We received no response from Reddell.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders,* 386 U.S. at 744). We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order appointment of new

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 22, 2024
Opinion Delivered June 5, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Reddell may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.